Eobeet McFarland, Special Judge,
delivered the opinion of the Court.
This suit was brought by the plaintiff in error, in the Circuit Court, of Knox County, upon a note executed by the defendant, James C. Moses, for two thous- and dollars, payable in bankable currency. The case was before this Court at the September Term, 1866, and was remanded, with leave to the defendant to set up a failure of consideration as a defense. The cause Was again tried before a jury, at the June Térra, 1867, and resulted in a verdict for the plaintiff, for three hundred and twenty-six dollars and thirty cents. A new trial was refused him, and judgment rendered for this amount, from which he has appealed in error.
The -first error assigned is in regard to the admission of testimony to which the plaintiff excepted. It was proven that a part of the consideration of the note was a slave named Sam, sold by the plaintiff to the defendant, and this slave, the defendant insisted, was unsound. The defendant proved by several witnesses, statements and complaints made to them by Sam, during the time it is alleged he was unsound. To the *195 evidence of three of the witnesses on this subject, W. H. Campbell, Charles H. Moses and Henry Turk, exception was taken by the plaintiff; and it is now argued that the Court erred in .admitting the testimony of these witnesses, who are not physicians. It is true, that it would not be competent to prove the unsoundness of the slave by proving his general statement or admission to that effect. This would be establishing the fact in controversy by hearsay testimony: Nored vs. Adams, 2 Head, 449. The true distinction seems to be, that the statement of the slave on this subject, to be evidence, must be made while laboring under the supposed disease or unsoundness, either to a physician or other person, and made as- explanatory of the nature, symptoms, effect and duration of the disease. Statements of this character are not hearsay, but original testimony, parts of the res gestae. It is by complaints and statements of this character, principally, that physicians and others, are enabled to form an opinion as to the nature and extent of the disease. This rule is well established. See the cases of Yeatman vs. Hart, 6 Hum., 375; Jones vs. White, 11 Hum., 268; and it is fully recognized in the later cases of Looper vs. Bell, 1 Head, 374; Nored vs. Adams, 2 Head, 449. Tested by this rule, the evidence objected to seems clearly admissible. The evidence of the witness, McCampbell, is, that he “saw Sam several times after Moses got him; he was complaining pretty much all the time, of rheumatism, and did little or no work.” The evidence oí the witness, Moses, which is objected to, is, that Sam was in very bad health very shortly after the defend *196 ant got him — complained of pains in his back, limbs, breast, and general weakness, in less than a week after defendant got him. The" testimony of Turk is, that he knew Sam a year or two before Moses got him; he was in bad health and complained of pains. We understand these statements to be complaints of the slave as to the nature and character of the infirmity under which he was then laboring. These, therefore, come directly within the rule, and in admitting them there was no error.
The next ground relied upon for a new trial, is predicated upon the affidavit of two of the jurors who tried the case. It appears in proof, that the defendant purchased of the plaintiff in error, three slaves and a wagon and two mules and harness, for $4,000— $2,000 of which was paid in hand, in Confederate money, and the note sued on executed for the balance. The substance of the affidavits of the jurors, is, that the jury found two of the slaves were unsound, but as to the other slave, and the mules and wagon, etc., there was no failure of consideration; that the Confederate money paid was equal in value to the slaves, and that the value of the other property was the amount of their verdict.
In the case of Harvey vs. Jones, 3 Hum., 159, it is said: “This Court has repeatedly had occasion to comment upon the danger of setting aside the verdicts upon the affidavits of jurors, and to declare that it will be done only in extraordinary cases, and then with great caution.”
And in Norris vs. The State, 3 Hum., 338, the *197 Court say: “Ho case Ras occurred where a new trial has been granted upon the ground that a juror has rendered his verdict upon a mistaken opinion of the law or the facts, or that the charge was misunderstood: Sanders vs. Miller, 4 Hum., 511. In this latter case, the Court say they will not carry the matter further than it has already been. There are other authorities equally as strong. In this case, no exception was taken to the charge of the Court. It is admitted, that there is evidence to support the verdict, that is, that the jury might have arrived at the conclusion to which they did arrive, and been governed by the law and the testimony; but it is insisted, that the facts disclosed in this affidavit, show that the jury did not arrive at their verdict by a correct process of reasoning; that they resorted to facts not proper to be considered, and upon principles not applicable to the case, and that, for this reason, a new trial should be granted. If this rule were adopted, but few verdicts would be permitted to stand. Jurors may arrive at the same conclusion, and render the same verdict, but the influences that control their minds, and the process of reasoning by which they arrive at their conclusion, are as diverse as the human mind itself; and the argument and reasons governing each juror in rendering his verdict, might not always be found the most logical, or in accordance with the views of the Court. If no error of law was committed — if the jury were guilty of no misconduct — if the verdict they render, is supported by the evidence, this Court could not set it aside upon the affidavit of a juror that he reached this result *198 by erroneous reasoning, or from considerations that should not have influenced him, but will presume that the result arrived at was the legitimate result of the law and the facts.
In this case, it is strongly urged by the counsel for the defendant in error, that the jurors, in deciding the case upon the grounds shown in their affidavit, took the correct view, and placed their decision upon the proper ground. It is not the province of this Court to undertake to say how this is, and to decide whether there is any practical difference between the rule they adopted, and the rule the Court might think a more correct one.
If the Court should undertake in each case, to inquire into the reasons governing each individual juror in rendering his verdict, it would open a wide field for fruitless and impractical investigation, as well as to open the doors to endless fraud and corruption.
We do not intend by this to express any opinion against the power or duty of the Circuit Court to grant a new trial, when satisfied that the jury have been misled as to the law or testimony.
Affirm the judgment.